JERRY YATES AND JAMES YATES, *Partners as* YATES BROS., v. R. J. GARRETT.

(Filed September 20, 1907.)

(92 Pac. 142.)

1. **EVIDENCE—Experts—Definition.** An expert is one possessing, in regard to a particular subject or department of human activity, knowledge not acquired by ordinary persons.

2. **SAME—Expert Knowledge—Reception.** Where the testimony of a witness shows him to be an expert in the matter concerning which he gives his opinion, Held, that this testimony was properly received as that of an expert, although he, for some unexplained reason, disclaimed being such.

3. **SAME—Preliminary Question—Discretion of Court.** Whether a witness is shown to be qualified or not as an expert is a preliminary question to be determined in the first place by the court, and the rule is, if the court admits the testimony, then it is for the jury to decide whether any, and if any what, weight is to be given to the testimony. Cases arise where it is very much a matter of discretion with the court whether to receive

or exclude the evidence, but the supreme court will not reverse any such a case unless the ruling is manifestly erroneous.

(Syllabus by the Court.)

*Error from the Probate Court of Noble County; before Ethan Allen, Probate Judge.*

Affirmed.

*H. B. Martin* and *D. M. Tibbetts*, for plaintiffs in error.

*Doyle & Cress,* for defendant in error.

### STATEMENT OF THE CASE.

On the 6th day of September, 1904, R. J. Garrett commenced his action against Yates Brothers, in the probate court of Noble county, for the sum of $990 damages which he alleged he had suffered by reason of the defendant having permitted certain cattle alleged to have been affected or infected with a contagious and infectious disease, known as "Texas Fever," to stray into the pastures of Garrett and communicate to Garrett's cattle such disease, from which it is alleged Garrett's cattle died, resulting in great loss to him. Yates Brothers having answered by general denial, the cause was tried on the 14th of November, 1904, to the court, without a jury, resulting in a judgment in favor of Garrett and against Yates Brothers for $900 and costs. On the 17th day of November, 1904, Yates Brothers filed their motion for a new trial, and on the 19th of November, 1904, said motion was overruled, and to all of which Yates Brothers duly excepted, and prosecutes these proceedings to reverse said judgment.

Opinion of the court by

IRWIN, J.: In the brief and argument of counsel for plaintiff in error two grounds are alleged for a reversal of this case: First, that there was no competent evidence introduced on the trial to show either that Yates Brothers' cattle were infected with any contagious or infectious disease, or that Garrett's cattle contracted any such disease, or that Garrett's cattle died of any such disease; and, second, that the court erred in admitting incompe-

tent evidence to show the presence of Texas fever in the cattle in question. Both of these assignments can be properly treated together, and the field of inquiry in this investigation is confined within a very narrow margin from the fact that only one proposition is discussed in the brief of counsel for plaintiff in error, and under the well recognized rule of this court, that where many propositions are advanced as assignments of error, and only a few of them are argued in the brief, the court will treat all that are not so argued as having been abandoned. So, in considering this case, we will only investigate and decide the propositions which are urged by counsel for plaintiff in error in their brief. Succinctly stated, this is that there was no competent evidence that these cattle died of Texas fever. All other questions that might have arisen in the trial of the case, and all other exceptions that were or might have been saved, are entirely eliminated from this opinion, because they have been treatd as abandoned by counsel for plaintiff in error in writing his brief. We find, upon an examination of this case, that there were called upon this proposition, five witnesses, two of whom, on their examination as to their qualifications, admitted that they had had no experience and possessed no particular knowledge of the disease known as "Texas Fever." The other three claimed to have some knowledge. Holcomb, the third witness called, said that he had had some experience and had seen cattle infected with the disease known as "Texas Fever," twice in the state of Kansas, and on three occasions in Oklahoma; that he had lost 23 head of cattle with this disease, and had seen other cattle in Oklahoma with the disease, and described the manner in which this disease was communicated from one animal to another. Seton, the fourth witness, testified to having had some experience with Texas fever, and, having seen cattle with this disease two years before, he was called as a witness. Hagerman, another witness, had had experience with the disease and had cattle die with the Texas fever, and from his experience with the fever, was of the opinion he could tell when cattle had the disease. All

of these witnesses believed that these cattle died with the Texas fever. Counsel for plaintiff in error insist that this testimony is not competent, because it is not within the strict rule of expert testimony. But we take the rule to be: That where a witness has had experience, as a farmer and cattle raiser, with cattle which are infected with this disease, he is sufficient of an expert to be allowed to give his testimony; the weight and effect of that testimony to be determined by the court or jury; that in such cases the party is not confined to what is known as strictly and exclusively expert testimony. Counsel for plaintiff in error cite in their brief some very learned decisions from the Kansas supreme court defining who are, and who are not, experts. These decisions of the Kansas court are no doubt sound as to the law, but we fail to see that they have any application in this case, as we do not understand the Kansas supreme court to say that questions of this kind can never be determined except by medical or expert testimony. The better rule is the rule adopted by the United States supreme court in the case of the *Spring Company v. Edgar*, 99 U. S. 645. That court in the opinion, on page 658, says: "Whether a witness is shown to be qualified or not as an expert is a preliminary question to be determined in the first place by the court; and the rule is that, if the court admits the testimony, then it is for the jury to decide whether any, and if any what, weight is to be given to the testimony. Cases arise where it is very much a matter of discretion with the court whether to receive or exclude the evidence; but the appellate court will not reverse in such a case unless the ruling is manifestly erroneous"—citing, in support of this doctrine, *D. & C. Steam Towboat Co. v. Starrs*, 69 Pa. St. 30; *Page v. Parker*, 40 N. H. 48; *Tucker v. Massachusetts Central Railroad*, 118 Mass. 546. And, in the same opinion, the United States supreme court say: "Even if the witnesses are not properly to be regarded as experts, the court is of the opinion that the testimony was properly admitted as a matter of common knowledge." In 2 American & English Encyclopedia of

Law (2d. Ed.) page 424, it is said: "An expert is one possessing, in regard to a particular subject or department of human activity, knowledge not acquired by ordinary persons." In the case of *Walker v. Scott*, reported in 61 Pac. 1091, the Kansas supreme court say: "Where the testimony of a witness showed him to be an expert in the matter concerning which he gave his opinion, held that his testimony was properly received as that of an expert, although he, for some unexplained reason, disclaimed being such."

Now, it is true that some of the witnesses in this case, when asked the direct question whether they considered themselves as experts upon the question of Texas fever, disclaimed that they were experts, yet, when taken as a whole, their testimony shows that they had had sufficient experience with the disease and treatment of it, and had been brought in contact with it to that extent, that it was proper and right for the court to admit their testimony for what it was worth in determining whether the cattle in question had Texas fever or not. Now, in this case the plaintiff in error declined to present any testimony, expert or otherwise, on the question of whether these cattle had or had not Texas fever. The only testimony in the case was the testimony of these witnesses, and in our judgment they had qualified themselves to that extent to make their testimony admissible, and they all testified that in their opinion these cattle died of Texas fever. It seems to us that this was sufficient, in the absence of any showing to the contrary, for the court to hold that these cattle died of Texas fever. Now, this disposes of the only assignment of error relied upon by plaintiff in error in his brief.

For the reasons herein expressed, the decision of the probate court is affirmed, at the costs of the plaintiff in error.

Pancoast and Garber, JJ., absent; all the other Justices concurring.