## AMERICAN BOX BALL CO. v. WOOD.

No. 4966.   Opinion Filed July 20, 1915.

(150 Pac. 1047.)

1. **CHATTEL MORTGAGES—Failure to Record—Enforcement.** A chattel mortgage given prior to the adoption of Revised Laws 1910 on property located at the time of its execution in another state, but thereafter removed to this state, and which is void as to creditors and subsequent purchasers for value by reason of the failure of the mortgagee to comply with the registration laws of such other state, will not be enforced by the courts of this jurisdiction against a subsequent purchaser of the property in good faith and for value.

2. **REPLEVIN—Value of Property—Affidavit.**   The affidavit in replevin is competent evidence against the plaintiff as to the value of the property in a suit in replevin.

(Syllabus by Bleakmore, C.)

*Error from County Court, Jackson County;*
*B. N. Woodson, Judge.*

Action by the American Box Ball Company against C. B. Wood. Judgment for defendant, and plaintiff brings error. Affirmed.

*John D. Rogers,* for plaintiff in error.

*P. K. Morrill* and *Everett Petry,* for defendant in error.

Opinion by BLEAKMORE, C.   This is an action in replevin commenced in the district court of Jackson county on the 16th day of August, 1912, to recover possession of two model box ball alleys.

Plaintiff alleged, in substance, that by virtue of certain instruments of writing which had been duly filed and recorded in the office of the county clerk of Nolin county, Tex., attached to and made parts of the petition evidencing conditional sales of the property described to one

M. L. Owen at Sweetwater, Tex., the terms of which had been violated by a failure to pay for such property and in removing it from the county of its location in the State of Texas to Jackson county, Okla., it was the owner and entitled to the immediate possession thereof, and that said property was of the value of $258.25.

The answer is a general denial. The evidence disclosed that in December, 1911, plaintiff delivered to M. L. Owen, at Sweetwater, Nolin county, Tex., the property in suit pursuant to the terms of two written contracts of dates December 4 and 11, 1911, by which he agreed to pay for one of said alleys $238, $90 cash and $14.80 biweekly, beginning on December 11, 1911, and for the other $212.50, $99 cash and $12.50 biweekly. The contracts each contained the following provisions:

"It is also agreed that the title, ownership, or possession of the above-described article does not pass from said American Box Ball Company until this note is paid in full."

And also:

"It is further understood and agreed that in case of sale of the above article or removal of the same, or in case of seizure by legal process, or otherwise, or injury to the same, or any act on my part to the injury of the holder of said note, their agents, employees, or attorneys may take possession of the above-described articles and dispose of the same as above described."

The contracts were recorded in the office of the county clerk of Nolin county, Tex., on the 12th day of December, 1911. Without the knowledge or consent of the plaintiff, Owen sold the property to other parties, and it was removed from Texas to Altus, Okla., where it was attached in an action against the purchaser from

Owen and sold to the defendant Wood for $90. The original written instruments evidencing the conditional sale to Owen were introduced in evidence. They each bore the following certificate:

"CERTIFICATE OF RECORD.

"STATE OF TEXAS, COUNTY OF NOLIN—SS:

"I, Simon O'Keefe, county clerk in and for said county, do hereby certify that the foregoing release, dated the 4th day of December, A. D. 1911, together with its certificates of authentication, was filed for record in my office the 6th day of December,. 1911, at 1 o'clock p. m., and duly recorded the 12th day of December, 1911, in bill of sale record of Nolin county, in volume 2, pages 18 and 19.

"Witness my hand and official seal, at my office in Sweetwater, Texas, this 12th day of December, A. D. 1911.

"SIMON O'KEEFE, *County Clerk,*
*Nolin County, Texas.*
"[Seal.]                    By D. L. CHILDRESS, *Deputy."*

Certain portions of the Revised Civil Statutes of the State of Texas adopted in 1895 were introduced in evidence, providing:

"Art. 3327. All reservations of the title to or property in chattels as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and *bona fide* purchasers, unless such reservations be in writing and registered as required of chattel mortgages. * * *

"Art. 3328. Every chattel mortgage, deed of trust or other instrument of writing intended to operate as a. mortgage of or lien upon personal property which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument,

shall be absolutely void as against the creditors of the mortgagor or person making the same, and as against subsequent purchasers and mortgagees or lienholders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a. resident of this state, then of the county of which he shall at the time be a resident.

"Art. 3329.   Upon the receipts of such instruments the clerk shall endorse thereon the day and hour when the same was deposited in his office for record, and shall keep the same on file in his office for the inspection of all parties interested until satisfaction thereof shall be entered, as provided in article 3332.   *   *   *

"Art. 3330.   A certified copy of any such instrument so filed as aforesaid, certified to under the hand and seal of the clerk of the county court in whose office the same shall have been filed, shall be admitted in evidence in like manner as the original might be, unless the execution of the original has been denied under oath by the party sought to be charged thereby; Provided, that the party desiring to use such instrument shall file the same in the papers of the cause before announcing ready for trial, and not afterwards; and such certified copy shall in all cases be received as evidence of filing and entry thereof in chattel mortgage record according to the indorsement of the clerk thereon.

"Art. 3331.   The county clerk shall keep a book in which shall be entered a minute of all such instruments, which shall be ruled off into separate columns, with heads as follows:   Time of reception, name of mortgagor, name of mortgagee or trustee and *cestui que* trust, date of the instrument, amount secured, when due, property mortgaged, and remarks; and the proper entry shall be made under each of such heads.   Under the head of property mortgaged it will be sufficient to enter a general description of the property pledged and the particular place

where located, and index shall be kept in the manner as required for other records. * * *"

"Art. 3334. Chattel mortgages and other instruments intended to operate as mortgages of or liens upon personal property shall not hereafter be recorded at length as heretofore required, and when deposited and filed in accordance with the provisions of this law shall have the force and effect heretofore given to a full registration thereof, and all persons shall be thereby charged with notice thereof, and of the rights of the mortgagee, his assignee or representative thereunder, but nothing herein contained shall be so construed as to in any manner affect the rights of any person under any instrument heretofore recorded as required by law."

The affidavit in replevin was introduced in evidence, without objection, to establish the value of the property.

At the close of the evidence the court instructed the jury to return a verdict for defendant, which was done. The action of the court in this respect is assigned and urged as error. It is contended by the defendant that the giving of such instruction was proper, for the reason that the original instruments which are the basis of the plaintiff's claim to the possession of the property are shown by the certificates of the clerk of Nolin county, Tex., not to have been filed in accordance with the registration laws of the State of Texas, and therefore such contracts were void as against defendant, a subsequent purchaser for value at a judicial sale.

Under the statutes of Texas, *supra*, the contracts relied on by plaintiff were, in effect, chattel mortgages. They were executed and recorded in that state, and all the rights of plaintiff under the same were established thereby prior to the adoption of section 4032, Rev. Laws 1910; and therefore, regardless of the effect of the pro-

visions thereof, under the authority of *Greenville Nat. Bank v. Evans-Snyder-Buel Co. et al.*, 9 Okla. 353, 60 Pac. 249, if such instruments were executed and filed in conformity to the laws of the State of Texas, the rights of the plaintiff thereunder in the instant case were superior to those of the attaching creditor and of defendant, who purchased the property at the attachment sale, as such contracts, if valid and enforceable against defendant in that jurisdiction, should by the comity of states be recognized and enforced by the courts of this state. If, however, there was failure on the part of plaintiff to comply with the registration laws of the State of Texas, and by reason of such failure said contracts were void as against a subsequent purchaser such as defendant, under the rule announced by the highest court of that jurisdiction in construing the statutes introduced in evidence in this case, the same rule should prevail and be applied here, and the contracts held void.

In construing the statutes of that state introduced in evidence and set forth above the Supreme Court of Texas, in the case of *Brothers v. Mundell, Munzenheimer & Co.*, 60 Tex. 240, held in the syllabus:

"It was the intention of the act of April 22, 1879 (R. S. App. p. 15), to dispense with the registration in full of chattel mortgages, and to provide in lieu of it for the deposit with the clerk of the original mortgage itself, or a true copy of it, there to be kept for the inspection of the parties interested, and to have a minute of the mortgage entered in a book, so that it might be perceived what were its contents, date of filing," etc.

"An indorsement on a chattel mortgage by the county clerk that it had ben 'filed for record' on a certain day, and that it had been recorded in a book for the registry of deeds, properly certified, is not evidence of such a de-

posit and filing of the mortgage as is required by the act of April 27, 1879 (R. S. App. p. 15). Such an instrument is not admissible in evidence as against creditors of the mortgagor, and as against creditors and as against subsequent purchasers and mortgagees in good faith, and as to them is void."

"When possession of property described in a chattel mortgage remains with the mortgagor, and the instrument is not filed as required by the statute, the mortgage is absolutely void as to creditors of the mortgagor, no matter whether they had actual notice of the mortgage or not, and without regard to whether they were creditors in good faith."

This case, so far as we are advised, has not been overruled or mod'fied, and, being bound by the construction thus placed upon the registration acts above quoted, the trial court did not err in holding that the contracts in suit were void as against defendant.

It is also contended that the court committed prejudicial error in directing a verdict and rendering judgment 'n the alternative for the return of the property or its value in the sum of $258.25. Under this assignment it is insisted that there is no evidence whatever of the value of the property, and, further, that in no event was defendant entitled to recover more than he had paid for the property at judicial sale.

Plaintiff alleged in its petition and affidavit in replevin the value of the property to be the amount fixed by the judgment, and the affidavit was introduced in evidence.

In Cobbey on Replevin (2d Ed.), section 996, it is stated:

"On the subject of value the affidavit in replevin is competent, but not conclusive, evidence against the plaintiff."

The interest of defendant in the property in question was not limited to the amount of the purchase price at the judicial sale. He did not occupy the position of one who, having a demand for a specific sum, and claim- ing the property by virtue of an attachment lien, was in no event entitled to more than the amount of such lien. But he was a purchaser for value at a judicial sale, and, if entitled to recover at all, should have had judgment for return of his property or its value as shown by the evidence. If he had bought at a bargain, he was entitled to the fruits of his purchase. The judgment of the court in this respect is sustained by the evidence.

There are other assignments of error urged in the brief, but, under our view of the case, it is unnecessary to consider them.

The judgment should be affirmed.

By the Court: It is so ordered.