## COOK v. FIRST NAT. BANK of DUNCAN et al.

No. 14813—Opinion Filed May 19, 1925.

**1. Replevin—Measure of Damages for Deprivation of Possession.**

In estimating damages, the value of the property to the owner thereof deprived of its possession is the price at which he might have bought an equivalent thing in the market nearest the place where the property ought to have been put in his possession, and at such time after the breach of duty upon which his right is founded as would suffice, with reasonable diligence, for him to make such purchase. Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433.

**2. Appeal and Error—Prejudicial Error — Incompetent Evidence.**

Where incompetent testimony is offered, and such evidence is highly prejudicial to the rights of the complaining party, the admission of such testimony constitutes reversible error.

**3. Appeal and Error — Reversal—Lack of Evidence.**

. Where there is no competent evidence reasonably tending to sustain the verdict and judgment, such judgment will be reversed on appeal.

**4. Evidence—Market Value of Personalty —Testimony as to What a Certain Person Would Pay.**

Testimony of a broker to the effect that he has a customer who is willing to pay a certain price for an oil rig, and the testimony of the prospective purchaser that he was ready, willing, and able to pay the price named by the broker, is incompetent to prove the market value thereof or the replacement value thereof, and the admission of such evidence is error.

**5. Evidence—"Experts."**

An expert is one possessing, with reference to a particular subject or department of human activity, knowledge not acquired by ordinary persons. Yates v. Garrett, 19 Okla. 449, 92 Pac. 142.

**6. Judgment — Validity — Jurisdiction of Person—Stranger to Action not Allowed to Question.**

Where B. obtains judgment against U., and U. subsequently files his motion to vacate such judgment upon the ground of want of jurisdiction of the court of the person of the defendant for want of proper service of process, and the judgment of the court denying the motion to vacate is not appealed from, the question of jurisdiction of the person of U. cannot be attacked or raised by C. in an action by C. against B., where C. was a stranger to the action between B. and U.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; M. W. Pugh, Judge.

The plaintiff Thomas Cook, claiming under a chattel mortgage executed by the United States Oil Corporation, brought this action against E. H. Rynes, Sheriff of Stephens County, wherein the plaintiff sought by action in replevin to recover of the defendant a certain oil rig, taken by the sheriff on execution, to satisfy a judgment of the First National Bank of Duncan, and the said bank, Parsons & Gant, American Tank Company, and Joe Walsmith moved to be substituted as defendants, which motion was sustained, these defendants claiming to have liens superior to the mortgage lien of the plaintiff. Judgment for the defendants, and plaintiff appeals. Reversed and remanded.

J. E. Whitehead, for plaintiff in error.

Sandlin & Winans and Wilkinson & Saye, for defendants in error.

Opinion by RUTH, C. The plaintiff, Cook, on April 3, 1922, filed his petition in the district court of Stephens county against E. H. Rynes in which he alleged Rynes detains from plaintiff one rotary oil drilling rig and accessories, of the value of $4,000. Plaintiff filed his affidavit in replevin and his replevin bond. No redelivery bond was filed, and the property was delivered to plaintiff. On April 16, 1923, Joe Walsmith, Amerian Tank Company, Parsons & Gant, a partnership, and the First National Bank of Duncan filed their motion to be substituted as defendants, claiming judgment liens and that they were judgment creditors of the United States Oil Corporation, and the property claimed by the plaintiff was taken by E. H. Rynes, as sheriff, on execution; that their liens were superior to the lien of the plaintiff, and the property had been, by the court, ordered sold to satisfy said judgments. After substitution made, the cause was tried to a jury and a verdict returned for the substituted defendants, for the return of the property, or its value, fixed at $5,500, and from the judgment entered thereon, plaintiff appeals.

At the trial of the cause plaintiff introduced in evidence a chattel mortgage executed by the United States Oil Corporation on July 2, 1921, wherein the United States Oil Corporation mortgaged to Thomas Cook one National rotary rig and all drilling equipment now located on section 24, of twp. 1 N., R. 9 W., in Stephens county, Okla., to secure the payment of the sum of $4,600. This mortgage was executed in Tulsa county,

Okla., and filed for record on July 19, 1921, in Stephens county, Okla. After proper identification of the property, plaintiff rested, and defendants demurred to the evidence and the demurrer was overruled.

It was stipulated that in cause No. 3494 in the district court of Stephens county, entitled First Nat. Bank of Duncan v. U. S. Oil Corporation, the petition was filed June 27, 1921, and on the same date an attachment affidavit was filed, attachment order issued, and levied upon this identical property. The property was duly appraised and the following inventory and appraisement returned:

One rotary rig, 86 feet high and valued _____$ 500.00
One complete rotary rig on the Plemons farm in sec. 24, twp. 1 N., R. 9 W., value_____2,000.00
Subject to prior attachment in case 3492 in district court, Stephens county, Okla.

Total appraised value_____$7,500.00

(How the appraisers arrived at the total appraised value of $7,500 is not disclosed by the record.)

Alias summons was issued in the case of the First National Bank v. United States Oil Corporation, and returned showing service upon the Secretary of State of the state of Oklahoma, notwithstanding the Oil Corporation of Delaware had on December 21, 1920, appointed J. T. Dickerson, of Oklahoma county, as its agent, duly authorized to accept service of process on behalf of the United States Oil Corporation. It was further stipulated that the commission of J. T. Dickerson was not admitted for the purpose of showing his home was in Oklahoma City, but it was agreed that his home was in Edmond, Oklahoma county, Okla., and his business office was in Oklahoma City at all times mentioned in the suit.

On November 18, 1921, the United States Oil Corporation, having failed to appear, judgment was entered against it in favor of the bank in the sum of $1,990.02, and the American Tank Company having intervened, claiming a lien on two 250 barrel wood tanks, judgment was entered for the interveners in the sum of $550. The attachment was sustained and the property ordered sold and the proceeds applied: (1) To the payment of a lien of Joe Walsmith in civil case No. 3593. (2) To payment of the judgment lien of the American Tank Company. (3) To the payment of the judgment lien of Parsons and Gant. (4) To the payment

of the judgment lien of the First National Bank of Duncan.

On February 21, 1922, the defendant U. S. Oil Corporation filed its motion to vacate the judgment of the bank for want of jurisdiction of the court over the person of the defendant, for that no summons had been served on the defendant as required by law. The court overruled the motion to vacate the judgment, and the defendant did not appeal therefrom. It was further stipulated that service of process in the other cases was had in the same manner, to wit, on the Secretary of State. At the conclusion of the evidence, the court instructed the jury to find for the defendants, and against the plaintiff, for possession of the property, and further instructed them that the only question submitted to them was the value of the property at the time Cook, the plaintiff in this action, took possession of the same.

To establish the value of the property, defendants called one Harry Paramore, who testified that he had been handling leases and royalties for two years, that he knew this property, and "thinks" he knows its value. "He knows what the other fellow gave for it."

"Q. Do you know the market value? A. I think I do. Q. How do you arrive at the price? A. I know what people give for them."

Witness testified that the property consisted of a rotary rig; some tanks and other machinery, "rather junky stuff." Witness did not know what National rigs were selling for; "thinks" this one is complete, "unless he overlooked something." That drilling rigs may be worth $5,000 or $500, depending on what makes it up. Witness could not mention what constitutes a drilling rig; did not know how many drill stems there were, or their value; knew there were two boilers, one new and one old, but does not know the make of the new one or its value, or the value of the 4-inch drill stem of the draw works. He testified there were two pumps, but does not know their makes, or their value when new, or when in the condition when he checked them up. Witness was further permitted to testify that he had a man who was going to bid the rig in at the sheriff's sale for $5,500.

T. J. Waller, called for defendants, was permitted to testify, that during his life he had bought one oil rig, but never had any interest in any other, and upon this statement he was permitted to qualify as an expert, but his testimony does not go to the proper measure of damages, as he only tes-

tified that he was ready to bid on the rig and would have paid $500 for it.

Plaintiff assigns as error the admission of the affidavit of replevin, but the contention cannot be sustained, as the affidavit in replevin is competent evidence against the plaintiff as to the value of the property in a suit in replevin. American Box Ball Co. v. Wood, 50 Okla. 242, 150 Pac. 1047. The plaintiff in his affidavit placed the value of the property at $4,000 and the admission of the affidavit was not error.

To the testimony of Paramore and Waller, the plaintiff made timely objection and saved exceptions, upon the ground that neither of the witnesses was qualified; they were not experts and were not competent to testify and establish the value of the property.

The fact that a broker testified that he has a man who is willing to pay a certain price for a piece of property, and that customer testifies that he was ready, willing, and able to pay the price mentioned by the broker, does not constitute such testimony competent evidence of the market value or replacement value of such property.

"An expert is one possessing, in regard to a particular subject or department of human activity, knowledge not acquired by ordinary persons." Yates v. Garrett, 19 Okla. 449, 92 Pac. 142.

While it is true that the question of competency and qualification is addressed to the sound judicial discretion of the trial court, and its ruling thereon will not be disturbed except for abuse resulting in manifest prejudice to the rights of the complaining party (Selby Oil Co. v. Rogers, 94 Okla. 269, 221 Pac. 1012), it is equally true that an abuse of that discretion is reversible error.

In the case under review the witness testified he would have bought the rig for $5,500, and the jury found the value of the rig was $5,500 and so said in their verdict. In behalf of the plaintiff, L. R. Healy and J. R. Hoskins were called, and Healy testified that he had been in the oil business 15 years, and had covered every field from Tulsa to Mexico, and had bought and sold numerous leases and rigs, was familiar with the cost of taking them down, shipping them, and erecting them; that he had made a complete inventory of this rig and produced it in court; had visited the rig eight or nine times, and was well conversant with conditions in the Duncan field; and that two or three oil rigs, such as the one involved in this action, had very recently been sold in the Duncan field for $1,000; that after a careful inspection he placed the value of the rig, or its replacement value in the Duncan field for "cash on the barrel head," at from $1,200 to $1,500. J. R. Hoskins testified that he had been in the oil business 32 years; had been drilling contractor; been in charge of oil property and owns production; has been buying oil drilling equipment and machinery "off and on" for 20 years, and is familiar with the value of this particular rig and equipment, and had taken a complete and detailed inventory of the property, and, as it stood in the Duncan field at the time the writ of replevin was issued, its value was from $1,500 to $2,000.

While the admission of expert testimony is largely within the sound judicial discretion of the trial court (Selby Oil & Gas Co. v. Rogers, supra), we are constrained to hold that Paramore and Waller were not qualified to testify as to the market value or the replacement value of this particular oil rig, and their evidence was incompetent, and permitting their testimony to go to the jury was an abuse of discretion, resulting in prejudice to the rights of the plaintiff.

"In estimating damages, the value of the property to the owner thereof, deprived of its possession, is the price at which he might have bought on equivalent thing in the market nearest the place where the property ought to have been put into his possession, and at such time, after the breach of duty upon which his right to damages is founded as would suffice, with reasonable diligence, for him to make such a purchase." Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433.

No evidence was introduced by the defendants to establish the replacement value under the rule of law referred to. The only evidence on this point was introduced by the plaintiff, whose witnesses testified that oil rigs, the equivalent of this rig, were then being sold in the Duncan field for from $1,000 to $1,200, and that this particular rig as it stood was worth from $1,500 to $2,000, and there was no evidence reasonably tending to support the verdict and judgment of $5,500, as the replacement value of the property.

Plaintiff assigns as error the giving of instructions Nos. 1 to 7, but as the record fails to disclose any objection lodged against the giving of the same, this assignment of error cannot be considered by this court.

"The Supreme Court will not review alleged error in the giving of instructions in the absence of an exception to such instructions." Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 963; Houk v. Galleciez, 89 Okla. 175, 214 Pac. 690; Everett v. Akins, 8 Okla.

184, 56 Pac. 1062; Commercial Inv. Trust v. Ferguson, 96 Okla. 163, 220 Pac. 925; Bales v. Breedlove, 96 Okla. 280, 222 Pac. 542; Simpson v. Plummer, 96 Okla. 68, 220 Pac. 342.

It further appears from the record that the First National Bank and other defendants in this action had filed their actions against the United States Oil Corporation, and had attached this property prior to the execution and recordation of the plaintiff's mortgage thereon, and had obtained judgment against the United States Oil Corporation prior to the filing of the plaintiff's action in replevin. Judgment was rendered in favor of the First National Bank against the United States Oil Corporation on November 18, 1921, and on March 31, 1922, the Oil Corporation appeared specially and filed its motion to vacate the judgment for want of jurisdiction of the person of the corporation. On April 3, 1922, the court overruled the motion to vacate, and the Oil Corporation gave notice of appeal to the Supreme Court, but the appeal was never perfected and the judgment of the district court of Stephens county became final. On the same date, April 3, 1922, the plaintiff filed his action in replevin.

The plaintiff assigned as error:

(1) The court erred in holding said defendants had valid liens upon the property.

(2) The court erred in holding the service of summons in the actions filed by the defendants against the United States Oil Corporation was good and valid service and conferred jurisdiction on the court rendering judgment.

An examination of the record fails to disclose that the judgment of the court in this case contained any such recital, or that the court passed upon the question of the validity of the service in the former case, or that the question was attempted to be raised in this case until the filing of the motion for a new trial, and the order overruling the motion for a new trial makes no reference to the question of the adequacy or validity of the service, and the court was not requested to make any conclusions of law.

It is true that where the record affirmatively discloses that the court is without power to make the order or decree, it assumes to make, such order is void and subject to collateral attack. Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804; Roth v. Union Natl. Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505; Winters v. Okla. Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Southern Pine Lumber Co. v. Ward, 16 Okla. 131, 85 Pac.

457; In re Moore's Guardianship, 51 Okla. 731, 152 Pac. 378; Weer v. Bell, 68 Okla. 178, 174 Pac. 500; Sharp v. Sharp, 65 Okla. 76, 166 Pac. 175; Phoebus v. Search, 264, Fed. 407.

In the cited cases, the parties attacking the judgment for want of jurisdiction were either original defendants or interveners, or had some beneficial interest in the judgment rendered.

In the actions heretofore filed by these defendants against the United States Oil & Gas Corporation, this plaintiff was not a party thereto, and was not concerned whether or not judgment was obtained against the corporation in the accounts stated in their petitions. Plaintiff now prays this court to vacate all these various judgments, notwithstanding the United States Oil & Gas Corporation presented such motion to the trial court and did not appeal from the court's ruling thereon. Plaintiff does not direct our attention to any case wherein it has been held that an entire stranger to the proceedings, and not beneficially interested in the judgment rendered, may collaterally attack such judgment for want of proper process, and we know of no authority at law or in equity for reversing these judgments or vacating the same on motion of the present plaintiff, and this assignment of error is without merit as we view the record in this case. It is the opinion of the court, however, that for the errors of the trial court in admitting incompetent evidence of replacement value of the property involved, the judgment of the trial court should be reversed, and this cause remanded, with directions to grant the plaintiff herein a new trial in conformity with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. p. 1537; anno. 52 L. R. A. 56; 23 R. C. L. p. 914; 4 R. C. L. Supp. p. 1511. (2) 4 C. J. p. 972. (3) 4 C. J. p. 856. (4) 22 C. J. p. 187. (5) 25 C. J. p. 176. (6) 35 C. J. p. 552.