NORTHWEST SECURITY NATIONAL BANK & TRUST
CO., Respondent, v. PALMER, et al, Appellants.

(275 N. W. 505)

(File No. 8072. Opinion filed October 26, 1937)

*W. J. Hooper,* of Gregory, for Appellants.

*Whiting & Wilson,* of Rapid City, and *Bailey, Voorhees, Woods & Bottum,* of Sioux Falls, for Respondent.

534

RUDOLPH, P. J. Plaintiff commenced this action to establish his right to the possession of a mechanical refrigerator. Plaintiff took possession of the property by a claim and delivery proceeding. Sections 2411 to 2422, R. C. 1919. In its complaint plaintiff alleges that one Chapman sold and delivered the refrigerator to the defendants under a conditional sales contract, under the terms of which title was to remain in the said Chapman until the purchase price was fully paid. The conditional sales contract was sold and assigned by Chapman to the plaintiff, and thereafter the terms of the said contract were breached by the defendants. Plaintiff alleged the value of the property as $800, and demanded the immediate possession thereof or judgment for the sum of $800. Defendants answered, denying the allegations of the complaint, except that they admitted the purchase of the property under conditional sales contract, which contract they set out in full in their answer. Then, by way of affirmative defense, defendants alleged that at the time the property was sold to them it was warranted as being fit for the purposes for which it was purchased; that the property was unfit for such purpose; and that defendants were entitled to a lien thereon for the amount of payments made. For a further defense and as a counterclaim, defendants claim certain damages on account of the breach of the alleged warranty, which damages it was alleged were in excess of the amount remaining unpaid on the purchase price, and asked that the court decree that the defendants were the owners and entitled to the possession of the said property. A demurrer to the counterclaim was interposed and sustained by the court. Thereafter the case was tried before a jury. The jury returned a verdict in favor of the defendants, and found the value of the property when taken from the defendants by the sheriff to be the amount of $160. The court entered judgment adjudging that the defendants have and recover the possession of the property, if possession thereof could be had, otherwise that they recover the sum of $160 from the plaintiff together with the costs. The defendants have appealed from the judgment and order denying their motion for a new trial.

Defendants first complain of the order of the trial court sustaining the demurrer to the counterclaim. Clearly, in view of the judgment decreeing the defendants entitled to the possession of

the property, this order of the trial court, even if erroneous, is without prejudice to these defendants. Appellants do not claim to be entitled to any affirmative judgment against the plaintiff for any damages caused by the alleged breach of warranty. As stated in the brief, they do "contend that they are entitled to set up their damages by way of counterclaim to recoup the amount due on the Conditional Sales Contract." Even conceding that the defendants are entitled to set up these alleged damages for the purposes asserted, they have not been injured by the failure of the court to so permit when everything they could gain by so doing they have gained by the judgment entered by the court herein. The court's ruling on the counterclaim needs no further discussion in view of the judgment entered, and the fact that the appellants here are not claiming any right to any affirmative relief in the way of damages on account of their counterclaim.

Appellants next contend that there is no evidence in the record to support the verdict of the jury and the court's judgment thereon to the effect that the value of the property was $160. Plaintiff placed on the stand a witness who testified that the value of this property at the time taken by the sheriff was $160, which value was found by the jury. The questions eliciting this testimony were all objected to by appellants, and appellants have assigned error on admission of this testimony. For the purposes of this opinion we may concede that this testimony was incompetent, and that there is not testimony in the record to support the judgment in so far as it determines the value of the property to be $160. However, defendants are in no position to complain. Nowhere in the record is there any attempt by the defendants to establish the value of this property. Under the provisions of section 2522 R. C. 1919, the jury, having found that the defendants were entitled to the possession of the property and to the return thereof, must also find the value of the property. The defendants in their answer claimed the right to the possession of this property and to the return thereof, and yet they failed entirely to present any evidence regarding its value. The only evidence in the entire record regarding the value of this property is the alleged incompetent evidence placing its value at $160, introduced by the plaintiff. If defendants believed themselves entitled to the possession of the property and to

the return thereof, it was encumbent upon them to establish its value, if the value had not been otherwise established, in order that they might be entitled to a judgment for the value in the event that the return of the possession was impossible. Defendants having failed to present any evidence upon the question of the value, and there being no other competent evidence to establish the value (conceding the evidence fixing the value at $160 is incompetent), defendants are in no position to complain when the court and the jury determine the value at an amount in excess of any value shown by the record.

Defendants make some mention in their brief that the value placed upon the property in the complaint of the plaintiff and in plaintiff's affidavit in claim and delivery is $800. However, neither the allegation in the complaint, which is denied by the defendants, or the statement in the affidavit in the claim and delivery proceeding, is evidence upon which the jury might find the value. It might be that, if defendants had offered in evidence the affidavit, this would have been competent evidence as to the value of the property as against the plaintiff. See First National Bank of Hays City v. Staab, 102 Kan. 369, 171 P. 3; Lamy v. Remuson, 2 N. M. 245; American Box Ball Co. v. Wood, 50 Okl. 242, 150 P. 1047. However, the record fails to show that the affidavit was offered in evidence, and clearly, therefore, this affidavit could be no evidence upon which the jury might fix the value under the provisions of section 2522, R. C. 1919.

The judgment and order appealed from are affirmed.

All the Judges concur.