**AUSTIN BRIDGE COMPANY, a corporation, Plaintiff in Error,**

v.

**Nettie CHRISTIAN, Defendant in Error.**

**No. 41977.**

Supreme Court of Oklahoma.

Oct. 8, 1968.

Foliart, Shepherd, McPherren & Mills, Oklahoma City, for plaintiff in error.

Gotcher & Gotcher, McAlester, for defendant in error.

IRWIN, Vice Chief Justice.

The parties will be referred to as they appeared in the trial court.

The plaintiff, Nettie Christian, sustained personal injuries as a result of an accident involving her automobile and equipment owned by defendant, Austin Bridge Company and commenced this action to recover damages for such injuries. The jury returned a verdict against defendant for $40,000.00 and judgment was rendered thereon. Defendant perfected an appeal from the order overruling its motion for a new trial.

The basic issues presented in this appeal are: (1) Did the trial court commit reversible error in denying defendant's motion for a continuance?; and (2) Is the verdict excessive?

The record discloses that the accident happened in February; the action was filed in May; and the trial was set for the following September 9th. The Court Clerk's Minutes reflect that the case was stricken from the trial docket because witnesses were "unavailable, out of state". It was then set for trial on November 15th. On November 11th, defendant filed a motion for continuance alleging that on September 3rd, plaintiff was examined by an orthopedic surgeon and he found plaintiff had made a good recovery, had no indication for further treatment, and did not have any permanent disability. The report of the orthopedic surgeon was attached to the Motion for Continuance and therein the surgeon stated that he had examined plaintiff on September 3rd; that "she walks with a normal gait having no limp. She is able to stand erect easily. She has no pelvic tilt and walks without any difficulty and does not appear to be in any acute pain or discomfort. During the course of the

examination she laughed on several occasions and is mentally alert and cooperative. She has no evidence of muscle spasm in any portion of her muscles throughout her body." In the concluding paragraph the physician stated: "This patient, in my opinion, has made a good recovery from whatever injuries she may have sustained due to her accident of February 15th. I find nothing to account for her minimal complaints and finally it is my opinion, she has no indication for any further treatment and does not have any permanent disability due to the * * * accident." In this Motion for Continuance, defendant further alleged that on November 9th, plaintiff's attorney furnished it a copy of a medical report dated November 9th, which recited that he had performed a back operation on plaintiff October 25th, and had removed certain intervertebral discs. A copy of this medical report was attached to the motion. Defendant requested the continuance to give it an opportunity to take plaintiff's deposition to determine what, if anything, occurred between September 3rd, and October 25th, that brought about plaintiff's need for an operation, and to provide sufficient time for plaintiff's healing period from the operation to expire.

The Court Clerk's Minutes disclose that on November 11th, defendant's motion for continuance was denied and the case was set for trial on November 23rd, and plaintiff was ordered to submit to further examinations by a physician of defendant's choice, which she did. On November 23rd, the date set for the trial, defendant orally renewed its motion for a continuance; the same was denied; and the trial was commenced the following day.

Defendant, in effect, contends that the trial court abused its discretion in not granting a continuance because the trial was held one month after plaintiff's operation; that from a medical and practical standpoint the jury would have to guess as to how well the plaintiff would finally recover from the effects of the operation and would have to engage in pure speculation as to actual extent of any permanent

disability that plaintiff had sustained to her back, unless a sufficient healing period had expired; and that according to depositions submitted in evidence of physicians it would take four to six months before a physician could determine the extent of plaintiff's recovery from the operation and whether or not she would have permanent disability.

A similar argument was submitted to the trial court in the hearing conducted on November 23rd on defendant's oral motion for a continuance. At that hearing the trial court stated that: "I realize medicine is not an exact science. I can't believe that the rights of the parties are materially prejudiced by going to trial at this time."

During the trial, the physician who had examined plaintiff on September 3rd and after her operation, testified in behalf of defendant. His testimony was to the effect that in considering his previous examination, what plaintiff had told him, the history she had given him, and what he had found in examining plaintiff after the operation, that something plaintiff had done (bending over to pick up something from the floor) after his examination of her on September 3rd, caused the problem requiring her to have an operation.

Defendant's defense concerning the amount of damages plaintiff was entitled to was based to some extent on the theory that plaintiff had completely recovered from all the injuries she may have sustained as a result of the accident and any injury that necessitated the surgery was caused by something plaintiff had done subsequent to the examination of defendant's doctor on September 3rd. If defendant could have prevailed under this theory the fact that plaintiff may have sustained other injuries not connected with the accident which necessitated the operation, the healing period from such operation and her subsequent disabilities would be immaterial. It necessarily follows that the extent plaintiff would recover from the operation was not the only issue to be resolved.

Title 12 O.S.1961, § 667, provides the statutory authority for granting a continuance. Granting or refusing a continuance is discretionary with the trial judge and unless it clearly appears from the record that such discretion has been abused, this Court will refuse to find reversible error. Kurn v. Margolin, 187 Okl. 135, 101 P.2d 818. It is not necessary that evidence adduced to prove that an injury is permanent be so positive and conclusive as to establish that fact beyond any shadow of doubt before it can be submitted to the jury, but it is sufficient if it reasonably tends to establish such fact. Kansas City Southern Railway Co. v. Norwood, Okl., 367 P.2d 722. Considering this record we do not find the trial court abused its discretion in denying the defendant's motions for continuance.

In considering defendant's argument that the verdict is excessive, the record discloses that plaintiff has a life expectancy of 36 years; that she sustained substantial hospital and doctor bills; and that she was earning approximately $50. per week prior to the accident. One of plaintiff's medical witnesses testified she had a 25 to 30 per cent permanent disability. Another medical witness testified she had a 30 per cent permanent disability. Another medical witness testified she will definitely have some permanent disability which will probably be between 15 to 25 per cent. There was evidence that she suffered a great deal of pain and discomfort and that the surgical operation only removed the soft doughy material in the center of two "discs" and the two "rims" were not restored, which still reflect damage or injury and they may lose their support, narrow the vertebrae, be very painful and require additional surgery.

In a suit for damages for personal injuries, before a verdict of the jury will be set aside as excessive it must appear that the verdict is so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous and such as manifestly shows the jury to have been actuated by passion, partiality, prejudice or corruption. Moody v. Childers, Okl., 344 P.2d 262. We have no right to place limitations upon the amount of damages returned by a jury, unless we are convinced that the amount of recovery bears no relation whatever to the evidence, or that it was induced by bias or prejudice on the part of the jury. Tulsa City Lines, Inc., v. Geiger, Okl., 275 P.2d 325. We cannot say the verdict is excessive.

Judgment affirmed.

The case-made includes a copy of a Supersedeas Bond, executed by defendant, as principal, and Houston Fire and Casualty Insurance Company, as surety. Pursuant to the provisions of Title 12 O.S.1961, § 971, judgment is hereby rendered against said Houston Fire and Casualty Insurance Company, a corporation, in favor of the plaintiff, Nettie Christian, in the principal sum of $40,000.00, together with interest thereon at the rate of six per centum per annum from November 29, 1965, until paid, and all costs of the action in the trial court and on this appeal; and the trial court is directed to enter and enforce this judgment against said surety as if rendered in that court.

All the Justices concur.