## TULLY v. WETZEL.

No. 14359—Opinion Filed Jan. 15, 1924.

1. **Negligence — Personal Injuries — Automobiles — Requested Instructions.**

In an action to recover for personal injuries alleged to have resulted from the negligent operation of an automobile upon a public highway, the fact that the principal allegations of plaintiff's petition relating to the negligence of defendant charged a violation of the rules of the road as prescribed by section 10164, Comp. Stat. 1921, did not authorize an instruction to the jury to the effect that if defendant slowed down to 15 miles an hour and sounded his horn before attempting to pass plaintiff, the verdict should be for defendant, where plaintiff also alleged that defendant "did in reckless disregard of the rights and safety of plaintiff, by driving too close to plaintiff's car, and instead of driving on the left-hand side of the road in a careful manner," inflict injury on plaintiff, and the refusal of such requested instruction was proper, since the above quoted allegation imported other elements of negligence than those involved in a violation of the rules of the road, and there was evidence reasonably tending to support such allegation.

2. **Trial — Instructions — Sufficiency as a Whole.**

Instructions must be considered together as parts of a whole. When so considered, if the law applicable to the facts proven is correctly stated, even though some isolated paragraph be verbally inaccurate, such instructions should be sustained if it is fairly deducible from the entire charge that the theories of both plaintiff and defendant were submitted to the jury without confusion and without misleading distinctions.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Herbert Wetzel against C. H. Tully, for damages for personal injury. Judgment for plaintiff, and defendant brings error. Affirmed.

On June 30, 1922, Herbert Wetzel filed his petition in the district court of McIntosh county against C. H. Tully, in which petition it was alleged, in substance, that on or about May 30, 1922, plaintiff was traveling from Checotah to Muskogee in his automobile over the Jefferson highway; that at a point on said highway, near the village of Summit, plaintiff had a blowout of one casing on his car, and was compelled to stop for repairs and to change tires; that he stopped on the right-hand side of said highway, and while engaged in changing said tire the defendant, C. H. Tully, negligently, recklessly, and carelessly did drive and operate his automobile at a high rate of speed along said highway, and while attempting to pass plaintiff and his automobile, standing on the right-hand side of said highway, did negligently, recklessly, and carelessly attempt to pass plaintiff at a high rate of speed and without giving proper signals of his approach and in reckless disregard of plaintiff's rights and safety drive too close

to plaintiff's car, and instead of driving on the left of the center of said road did strike, hit, and run over, and badly injure plaintiff's foot with his said automobile: that by reason of the negligence, recklessness, and carelessness of defendant, plaintiff sustained three broken bones in his right foot, which caused him much pain and suffering, to plaintiff's damage in the sum of $5,763.50.

Defendant's answer consisted of a general denial and a special plea of contributory negligence.

To defendant's answer plaintiff filed a reply consisting of a general denial.

Trial was thereafter had on December 7, 1922, and resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,000. After unsuccessful motion for new trial, defendant has brought the case here for review by petition in error with case-made attached. Parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Hazen Green, E. J. Van Court, H. B. Reubelt, C. R. Freeman, and Milam M. King, for plaintiff in error.

Britton H. Tabor, for defendant in error.

Opinion by LOGSDON, C. Numerous specifications of error are contained in the petition in error in this case, but only two are presented and argued by defendant in his brief, so that all others will be considered as abandoned. The first error complained of is to the refusal of the court to give defendant's requested instruction No. 4, which reads as follows:

"If you believe from the evidence that defendant upon approaching the car of plaintiff, and before reaching same, slackened the speed of his car to 15 miles per hour and sounded his horn, you must find for the defendant."

The testimony in the case, as abstracted in defendant's brief, is as follows:

"The plaintiff and several friends were driving along the Jefferson highway between Checotah and Muskogee. They stopped to change tires. The tire which had been taken off was lying almost in the direct middle of the road. Plaintiff, with the intention of putting it on the back of the car, stepped out, picked up one side of the tire and was pulling it towards him when same was struck by defendant's car. This turned plaintiff around, he threw out his foot and defendant's car ran over it. The road was straight for a long distance in both directions and plaintiff and his friends could have seen an approaching car. They all admitted that they were paying no attention to approaching vehicles but were absorbed in the discussion of the ball game. None of the party heard a horn or saw the car until it struck the tire. Defendant's car was traveling in the same direction as that of the plaintiff. When he got within about a quarter of a mile of plaintiff's car, he and the other occupants of his car noticed plaintiff's car standing about the middle of the road. Before reaching plaintiff's car defendant's horn was sounded several times and his speed slackened to ten or fifteen miles per hour. Plaintiff's car obstructed the highway to such an extent that it was necessary to make a short turn to get around it. Suddenly plaintiff appeared with his head down rolling a tire. Vincent Tully, who was driving, did not see plaintiff until the front of defendant's car was even with the rear of that of plaintiff. Vincent Tully, seeing he was about to hit plaintiff, swerved to the left. Defendant immediately stopped his car, but believing no one was hurt, went on."

A mere casual reading of this requested instruction, in connection with the above abstract of the evidence, is sufficient to show that it was properly refused by the trial court. This instruction excludes from the jury's consideration that allegation of plaintiff's petition and the testimony in support thereof, which reads, "and did in reckless disregard of the rights and safety of plaintiff by driving too close to plaintiff's car and instead of driving on the left-hand side of the road in a careful manner" inflict the injury complained of by plaintiff. In addition to the testimony abstracted by defendant in his brief, the record discloses by two or three witnesses, some of whom were in a car following defendant's car, that when defendant's car struck the casing, which plaintiff had in his hands, it struck with such force as to knock the casing off of the rim and throw the casing some five or six feet in the air. The testimony further shows that when struck the plaintiff was some four or five feet from the side of his car and that the unused portion of the roadway to the left of plaintiff was approximately 12 feet in width. For the court to have instructed the jury that if plaintiff slackened the speed of his car to 15 miles her hour and sounded his horn he would not be liable would have been to take from the consideration of the jury all testimony bearing upon or tending to show other elements of negligence accompanying the accident as charged in plaintiff's petition. Actionable negligence exists where there is testimony tending to show (a) a duty owing by defendant to the plaintiff; (b) a failure on the part of defendant to discharge that duty; (c) injury to the plaintiff resulting proximately from defendant's failure to perform such duty; and it is error for the court to refuse to sub-

mit to the jury for determination a question of negligence so presented.

The other ground of error presented and argued by defendant is that the court erred in its instructions to the jury numbered 9, 10, and 12. These instructions complained of are as follows:

"9. You are further instructed that the laws of the state of Oklahoma provide as follows: 'All vehicles overtaking others, shall, in passing, keep to the left of the center of the road and shall not pull over to the right until entirely clear of the vehicle passed.' 'All motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half the road.'

"10. You are further instructed that if you believe that the plaintiff has proven by a preponderance of the evidence that the defendant failed to comply with any of the statutory provisions above set out, that is, if in passing plaintiff's car defendant did not keep to the left of the center of the road or if he pulled over to the right before he was entirely clear of plaintiff's car, or if he failed to give reasonable notice of his approach by horn or other signal before passing plaintiff's car, then upon such proof being made, you are instructed that the defendant would be guilty of prima facie negligence, which means that the burden of proof would shift to the defendant to prove by a preponderance of the evidence that such prima facie negligence was not the proximate cause of the injury to the plaintiff.

"12. You are instructed that even though you believe that the defendant was guilty of violating the statute above set out, still, if you believe that the defendant has met the burden of proof sufficiently by showing by a preponderance of the evidence that such violation of the statute was not the proximate cause of the injury to the plaintiff, then the violation of such statute would not render said defendant liable to the plaintiff in this case."

These instructions are more favorable to the defendant than he was entitled to. Under the holdings of this court in numerous cases the violation of a statute, resulting in injury to another, is negligence per se and not merely prima facie. Spencer v. Holt, 82 Okla. 280, 200 Pac. 187; Whitehead Coal Mining Co. v. Pinkston, 71 Oklahoma. 175 Pac. 364; McAlester-Edwards Coal Co., v. Hoffar, 66 Okla. 36, 166 Pac. 740.

The court instructed the jury on contributory negligence, and upon every theory which the evidence for the defendant in any way tended to establish. These instructions contained a fair statement of the pleadings, and presented the issues without confusion. Some criticism might be indulged against isolated paragraphs of the instructions, but when considered as a whole the general charge of the court fairly presented the law applicable to the facts and was more favorable to the defendant in some portions than he had a right to expect. The testimony shows that the injury suffered by the plaintiff is a permanent one, so that the verdict of the jury for the sum of $2,000, under the circumstances shown by this record, does not reflect any influence of passion or prejudice in fixing the amount of recovery. So far as the record discloses all witnesses testifying in the case are reputable citizens and credible, and it was peculiarly within the province of the jury to weigh the evidence and to determine where the preponderance lay. Under such circumstances this court will not disturb the verdict of the jury.

The judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.