## MIDLAND OIL CO. v. BALL.

No. 13318—Opinion Filed Dec. 23, 1924.

Rehearing Denied Dec. 22, 1925.

### 1. Negligence—Violation of Statutes as Proof.

Where it is proved that injury has resulted from the violation of a statute, negligence is established as a matter of law.

### 2. Waters and Water Courses — Pollution from Oil Wells—Damages to Cattle Recoverable by Owner in Possession of Premises.

One in the undisturbed possession of a pasture enclosed by fences and using the same for grazing cattle is presumed to be in the rightful possession, and may maintain an action for damages for injuries to the cattle caused by the pollution of the water in ponds and natural streams in the pasture caused by the escape of oil and salt water from oil wells being developed and operated by a lessee under departmental oil and gas leases.

### 3. Same — Duty of Plaintiff to Mitigate Damages—Instruction.

When the evidence showed that the plaintiff made some effort to prevent his cattle from drinking water polluted by oil and salt water escaping from defendant's oil wells into a pond and natural stream in plaintiff's pasture, and defendant offered no controverting evidence, it was not reversible error for the court to fail to instruct the jury as to plaintiff's duty to use all reasonable means to mitigate the damages.

### 4. Pleading — Amendment — Discretion of Court.

The amendment of pleadings to conform to the proof is within the sound discretion of the trial court.

### 5. Waters and Water Courses—Pollution by Oil Wells — Recovery for Damages to Cattle—Period Covered.

One developing and operating oil wells is liable for damages in negligently permitting oil and salt water to escape into ponds and natural streams used by another for watering cattle; and where it is sought to recover for injuries so suffered on and after a particular date, it is not material whether the negligence causing the injury occurred before or after such date.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by Benjamin Ball against Midland Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

H. O. Caster, Hayes McCoy, C. C. Julien, and S. N. Hawkes, for plaintiff in error.

E. E. Grinstead, E. F. Scott, A. M. Widdows, and Frank T. McCoy, for defendant in error.

Opinion by RAY, C. Plaintiff alleged in his petition that he was the owner of a breeding herd of 285 head of pure blood, registered cattle, being held and grazed in a pasture in Osage county, particularly described, of which he had been in peaceable and undisturbed possession for more than three years; that while he was in such possession and using the pasture for grazing purposes for his cattle, the defendant entered upon and engaged in the oil mining business on a particularly described quarter section in his pasture, and while so engaged wrongfully and unlawfully caused and permitted large quantities of oil, salt water and other refuse from its oil mining operations to flow into a certain pond and creek in plaintiff's pasture, being used by him for watering his cattle; that as a result of the cattle drinking the waters so polluted some of them died and others were injured to his damage in the sum of $31,750, for which he prayed judgment. The defendant, after general denial, answered, in substance, that it was operating under an oil and gas mining lease from the Osage

Tribe of Indians approved by the Secretary of the Interior, under certain acts of Congress and at all times operating in accordance with the terms of the lease and the rules and regulations of the Secretary of the Interior; that the plaintiff, if in possession of the surface of the land in the pasture, was in possession without any title by lease or otherwise, and was a trespasser; and generally denied liability for any loss or injury suffered by the plaintiff. Judgment was for $20,022, from which defendant has appealed.

The various specifications are presented and argued by defendant in its brief under the following propositions:

"(1)    It was error for the court to fail to give proper respect to the fact that Congress had reserved all mineral rights to the Osage Tribe of Indians, and, in making that reservation, provided the mannner in which those rights should be exercised by the tribe and by the lessee under the tribe.

"(2)    The court committed error in failing to require plaintiff to properly allege and to properly prove the negligence he relied upon, and in allowing that question to go to the jury without relevant and competent evidence, and in failing to properly present the question to the jury.

"(3) The court erred in failing to recognize the difference between the rights of one having title as a riparian owner and one who has no title, but simply occupies land bordering a natural waterway without definite authority from an owner.

"(4)    The court erred in failing to distinguish between the subject of contributory negligence and the duty to minimize damage as applicable to this case.

"(5)    The court erred in allowing the plaintiff to amend his petition at the close of plaintiff's evidence so as to include a cause of action additional to that set forth in the pleadings, and which arose more than two years before such amendment, and which, consequently, was barred by the statute of limitations; and the court further erred in not presenting to the jury the defense of the statute of limitations.

'(6)    The court erred in allowing the plaintiff to introduce certain irrelevant, incompetent and immaterial evidence over the objection of the defendant, the evidence complained of being:

"(a)    Condition of the pond prior to April 25, 1919.

"(b)    Evidence of acts of defendant claimed cause a pollution of the pond prior to April 25, 1919.

"(c)    The injury resulting to plaintiff's cattle prior to April 25, 1919."

1.    It is the contention of the defendant that, under the terms of the lease, acts of Congress and the regulations of the Secretary of the Interior for the development and operation of oil mining leases in the Osage reservation, no recovery can be had by one in control of the surface for injuries suffered by the escape of oil and salt water from any wells except in the manner there provided; that the regulations provide for arbitration and that no arbitration has been had or been asked by the plaintiff.

We think this contention may be dismissed with the statement that no provision appears to have been made in the lease, or regulations of the Secretary, for settling claims against the lessee for damages occasioned by the escape of salt water or base sediment on the lands other than with the surface owners or their lessees, or for damages other than to the surface of the land itself. It is conceded that there is no specific provision for the settlement of damages to live stock in the circumstances of this case. Plaintiff is not shown to be either the owner or lessee of the surface. He rests his right of action upon the peaceable and undisturbed possession for more than three years. One of the defendant's complaints is that no allegation is made, or proof offered, that the plaintiff was the owner, or a lessee of the owner, of the surface. As contended by defendant, and established by a long line of decisions unnecessary to cite, Congress has plenary power in dealing with the affairs of the unemancipated Osage Tribe of Indians, but it is not made to appear by any act of Congress called to our attention, or by the decision of any court, or by the regulations of the Secretary of the Interior, that it was the purpose of Congress, or the intention of the Secretary of the Interior, by any regulation adopted for leasing the land of the Osage Tribe of Indians, for other than the owner of the surface, or his lessee, to submit his cause of action against an oil or gas mining lessee for a tort to arbitration, or to settlement by the Department of the Interior.

2.    Section 7969, Comp. Stat. 1921, is as follows:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

Where it is proven that injury has resulted from the violation of a statute, negligence is established as a matter of law.

"As a general rule the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se." C., R. I. & P. v. Pitchford, 44 Okla. 197, 143 Pac. 1146.

"It is well settled that the failure to perform a statutory duty, imposed by valid statute under the police power of the state for the protection of the public, is negligence per se." Whitehead Coal Mining Co. v. Pinkston, 71 Okla. 124, 175 Pac. 364.

3. The complaint here is that by the court's rulings and instructions the jury were led to believe that the defendant, in operating the lease, was under the same obligation to a trespasser upon the land as it would have been to the rightful owner, while it is contended that the only duty owed to the plaintiff or to the public was to develop and operate the lease in accordance with the departmental regulations without regard to the law of the state, we think this contention is contrary to sound principles and to former holdings of this court. In Holden v. Lynn, 30 Okla. 663, 120 Pac. 246, the second paragraph of the syllabus is as follows:

"When an action of trespass is brought against the owner of cattle, which have broken through the fences and destroyed the plaintiff's corn, evidence is properly excluded which tends to show that the corn was grown and remained in the shocks on Indian land, cultivated by a lessee whose lease was not approved by the Secretary of the Interior."

The fourth paragraph of the syllabus in Midland Valley R. R. Co. v. Lynn, 38 Okla. 695, 135 Pac. 370, is as follows:

"Where the plaintiff is in actual possession of a tract of land, although under a void lease, and a railroad company, in violation of the statute, set fire to and destroyed a matured meadow on said land, the right of plaintiff is sufficient to sustain an action for the value of said matured hay or meadow."

In the case of Verland Oil & Gas Co. v. Walker, 100 Okla. 258, 229 Pac. 235, Walker was in possession of about 2,000 acres of Indian grazing land in the Osage Nation without any valid lease. Judgment was recovered against the oil company for damages to cattle grazing on the land caused by drinking water in a creek on the land impregnated with oil and salt water from the well of the defendant company. The judgment was affirmed. The first paragraph of the syllabus is as follows:

"Under section 7969, Comp. Stat. 1921, it was negligence as matter of law for defendant to permit oil and salt water from its wells to flow into a stream used for watering stock, since the other elements of actionable negligence were present. Said statute imposes a duty on all persons, under the police power of the state, not so to pollute any stream."

Where one is in the undisturbed and peaceful possession, the presumption is that that possession is rightful. Holden v. Lynn, supra; Midland Valley Ry. Co. v. Lynn, supra; Verland Oil & Gas Co. v. Walker, supra; Chism v. Majors, 92 Okla. 45, 217 Pac. 465.

4. Defendant's requested instructions Nos. 4 and 10, to the effect that if it appeared from the evidence that plaintiff knew that on or before the 25th of April the fresh water pond was polluted so as to be unfit for use, and notwithstanding such knowledge, still permitted his cattle to drink therefrom and that he could have alleviated such condition and mitigated damages by reasonable effort and expenditure of other sums of money, and to provide other water, and failed to do so, the verdict should be for the defendant, were properly refused. Such facts would not constitute a defense, but could only be in mitigation of damages. But it is contended that the court should have given an instruction on the plaintiff's duty to use all reasonable effort to mitigate the damages. Plaintiff's evidence showed that after the cattle had acquired a taste for salt water it was difficult to keep them away from the polluted pond; that his employes and his wife, during the first part of the month of April, herded them away for a time and that the plaintiff built a substantial fence, with three gates for use of the defendant, its employes and other persons, to keep them away from the water; that the defendant's employes tore down the fence and left the gates open, as a result of which the cattle were able to get back to the polluted water; that in August, as soon as the cane field was sufficiently matured to permit, plaintiff took them out of the pasture entirely. There was no controverting evidence and it is not made to appear that the substantial rights of the defendant were affected by failure to give such instruction.

5. In the amended petition, upon which the case was tried, it was alleged that the pollution of the water was caused by the negligent operation of the defendant's wells on the southwest quarter of section 28. Plaintiff's testimony was directed to the operation of defendant's wells Nos. 1 and 2. It being made to appear by the evidence

that these two wells were probably located across the line between the southwest and southeast quarters, plaintiff asked and was given leave to amend the petition by interlineation so as to allege that the wells complained of were located on the south half of section 28, and defendant was permitted to amend its answer by alleging that the well situated on the southeast quarter was operated and held under a separate departmental lease, and to plead the statute of limitation as to any cause of action arising from the operation of that lease. Permission to amend the petition to conform to the proof was within the sound discretion of the trial court, and it does not appear that there was any abuse of that discretion. We think the plaintiff had but one cause of action against the defendant, that being for injury to his cattle by reason of the negligence of the defendant in permitting oil and salt water to flow into and pollute the water in the artificial pond and stream flowing through the pasture. Defendant has cited no authority to the contrary. There being but one cause of action, the fact that the amendment to conform to the proof was made more than two years after the cause of action arose, did not make the statute of limitation available to defendant.

6. The suit was to recover damages for injuries from about April 25, 1919, to the first of September following. Evidence was admitted tending to show that the water supply in the pasture was polluted by oil and salt water from defendant's wells from February to April 25th, and that on that day the water was unfit for cattle to drink. The defendant contends that the admission of this evidence constituted prejudicial error for the reason that the jury were unable to determine whether the loss suffered, if any, was by reason of the negligence of the defendant occurring before the 25th day of April, or after that date. We are unable to agree with that contention. The particular date of the pollution of the water was not material. The defendant was as much responsible for the wrongful act of permitting the oil and salt water to escape into the creek and pond prior to April 25th, as thereafter. It was clearly stated to the jury in plaintiff's evidence and the instructions of the court, that damage was sought for injuries suffered on or after the 25th day of April, and not before that date. The only evidence as to the cattle being injured prior to April 25th, was brought out by the defendant upon cross-examination of the plaintiff.

No complaint is made that the evidence

was insufficient to support the judgment, or that the verdict was excessive.

Upon consideration of the whole case we find no error prejudicial to the substantial rights of defendant. The judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 436; (2) 40 Cyc. p. 598; (3) 17 C. J. § 367; (4) 31 Cyc. p. 450. (5) 40 Cyc. p. 595.