## DEVONIAN OIL CO. et al. v. SMITH.

No. 16601—Opinion Filed Sept. 21, 1926.

Rehearing Denied March 8, 1927.

**1. Oil and Gas—Operators Allowing Salt Water to Escape Into Stream as Negligence Per Se.**

Under section 7969, C. S. 1921, it is negligence per se for one engaged in oil mining operations to allow salt water to escape and flow over the surface of the land and into a stream used by another for watering stock.

**2. Same—Purpose of Statutory Inhibition.**

The inhibition against allowing salt water to flow over the surface of the land was enacted for the benefit of all persons who may suffer injury by its violation.

**3. Trial—Instruction—Language of Statute —Construction.**

It is not reversible error to instruct the jury substantially in the language of the statute, where the statute is correctly construed in another paragraph of the instructions.

**4. Appeal and Error—Discretion of Trial Court—Extent of Cross-Examination.**

The extent of a cross-examination is largely in the discretion of the trial court, and unless it is made to appear that there has been an abuse of that discretion to the manifest injury of the complaining party, the case will not be reversed upon that ground.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by S. P. Smith against Devonian Oil Company and Echo Oil Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Randolph, Haver & Shirk, H. M. Gray, and Wilson, Murphey & Duncan, for plaintiffs in error.

A. M. Widdows, Frank T. McCoy, and John T. Craig, for defendant in error.

Opinion by RAY, C. S. P. Smith recovered judgment against the Devonian Oil Company and Echo Oil Company for damages to cattle alleged to have been caused by drinking water polluted and contaminated by oil, salt water, and other deleterious substances, negligently and wrongfully allowed to escape from defendant's oil mining operations, and run over the surface of the land, and into certain draws and creeks which were the water supply for the cattle running in his pasture in Osage county, in violation of section 7969, C. S. 1921, which reads:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool, or stream, used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

No claim is made that the evidence was insufficient, or that the verdict was excessive. The ground of complaint is that the court refused to submit to the jury the question of negligence. The issues were submitted to the jury on the theory that a violation of the statute constituted actionable negligence.

It is well settled in this jurisdiction that the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se. McAlester-Edwards Coal Co. v. Hoffar, 66 Okla. 36, 166 Pac. 740; Whitehead Coal Mining Co. v. Pinkston, 71 Okla. 124, 175 Pac. 364; Spencer v. Holt, 82 Okla. 280, 200 Pac. 187; Tully v. Wetzel, 97 Okla. 22, 222 Pac. 539.

This section of the statute was under consideration in Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 Pac. 296. It was there held:

"Section 7969, Comp. Stat. 1921, enjoins the duty upon oil operators not to permit salt water to flow over the surface of lands, and a violation of this statute resulting in injury to another is actionable negligence.

"As a general rule the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se. and an instruction which told the jury, in effect, that if they found and believed that if the defendant permitted salt water to escape from its oil and gas wells and run over the surface of the land and into a creek running through and across the plaintiff's pasture, and thereby pollute and poison the stock water in said pasture, to

the plaintiff's injury, the plaintiff was entitled to recover, was not erroneous for the reason that it failed to characterize the action of the defendant as being negligence."

That case was followed in Midland Oil Co. v. Ball, 115 Okla. 229, 242 Pac. 161.

There was no evidence of contamination other than by salt water, which plaintiff's evidence reasonably tended to show was allowed to escape from defendant's salt water ponds and flow into plaintiff's water supply. We think the history of this legislation shows that it was the legislative intent that negligence should not constitute an element of the offense of allowing salt water to flow over the surface of the land. This section was originally section 6 of House Bill 238, Session Laws 1909, page 432. The last sentence of the section as then enacted reads:

"Salt water shall not be negligently allowed to flow over the surface of the land."

By the 1910 Revision, the sentence was made to read as it now appears:

"Salt water shall not be allowed to flow over the surface of the land."

The only change was to omit the word "negligently."

It is argued that the inhibition against allowing salt water to flow over the surface of the land was intended for protection of the land from injury, and that one whose cattle are injured by drinking water contaminated with salt water flowing over the surface of the land, and into the water supply, is not the beneficiary of the statute, and therefore cannot invoke its violation as establishing negligence. In support of that contention the following cases are cited: Union Pacific R. R. Co. v. McDonald, 152 U. S. 262, 38 L. Ed. 434; Atchison, etc., Co. v. Reesman, 60 Fed. 370; Louisville & N. R. Co. v. Murphree, 129 Ala. 432, 29 South. 592; Toomey v. Company, 86 Cal. 374, 24 Pac. 1074; Platt. etc., Co. v. Dowell, 17 Colo. 376, 30 Pac. 68; Williams v. Company, 135 Ill. 491, 26 N. E. 661; Thayer v. Company, 22 Ind. 26, 85 Am. Dec. 409; Poland v. Earhart, 70 Iowa, 285, 30 N. W. 637; St. Louis, etc.. Co. v. Payne, 29 Kan. 166; Byrnes v. Company, 181 Mass. 322. 63 N. E. 897; Keyser v. Company, 66 Mich. 390, 33 N. E. 867; Fitzgerald v. Company, 29 Minn. 336, 13 N. W. 168; Briggs v. Company. 111 Mo. 173. 20 S. W. 32; Chicago, etc.. Co. v. Grablin, 38 Neb. 90. 56 N. W. 796; Cleveland, etc.. Co. v. Workman, 66 Ohio St. 509, and 64 N. E. 582.

We have examined all of the cited cases, and are of the opinion that they do not sus-

lain the contention. The first case cited, Union Pacific R. R. Co. v. McDonald, is to the contrary. That was a suit for personal injuries to a boy, who was injured by falling into a slack pit which was unfenced. The statute required slack pits to be fenced in such manner as to prevent loose cattle or horses from having access to such slack pits. The refusal of the trial court to submit the question to the jury was sustained. Mr. Justice Harlan. in delivering the opinion, said:

"Primarily, that statute was intended for the protection of cattle and horses. But it was not, for that reason, wholly inapplicable to the present case upon the issues of negligence."

In A., T. & S. F. Ry. Co. v. Reesman, also cited, Brewer, Circuit Justice, used this language:

"* * * The contention of the company is that the fence statute referred to was enacted for the benefit of the proprietors of adjoining lands, and that the plaintiff, as an employee of the railroad company, takes nothing by reason of the failure of the company to comply with its terms. It is doubtless true that, when a right is given by statute, only those to whom the right is in terms given can avail themselves of its benefits, but it does not follow that when a duty is so imposed a violation of that duty exposes the wrongdoer to liability to no persons other than those specifically named in the statute. On the contrary, it is not unreasonable to say that every party who suffers injury by reason of the violation of any duty is entitled to recover for such injuries. At any rate, it is clear that the fact that certain classes of persons were intended to be primarily protected by the discharge of a statutory duty will not necessarily prevent others, neither named nor intended as primary beneficiaries, from maintaining an action to recover for injuries caused by the violation of such legislative command. It may well be said that, though primarily intended for the benefit of one class, it was also intended for the protection of all who need such protection."

It is contended that the court erred in giving instruction No. 10, which was substantially in the language of section 7969, for the reason that, as applied to the facts, a construction of the statute was necessary. We think the court, by instruction No. 4, gave a correct construction of the statute. The jury were there told, in substance, that if they should find that the defendants

permitted salt water to escape from their oil mining operations and run over the surface of the land and into Dog Thresher creek (the creek alleged to have been polluted), thereby poisoning and contaminating the water, and the plaintiff's cattle were injured by drinking the contaminated water, then the plaintiff would be entitled to recover. We think when the instructions are considered as a whole, instruction 10 was not reversible error.

Under the proposition that the court erred in ruling out competent evidence, it is argued that they should have been permitted to cross-examine the plaintiff as to whether cattle running in a pasture farther down the stream were injured by drinking salt water.

The well-established rule in this state is that the extent of the cross-examination is largely in the discretion of the trial court, and unless an abuse of that discretion is shown to the manifest injury of the complaining party, the case will not be reversed upon that ground.

The contention is that plaintiff's evidence as to the injury to the cattle was largely opinionative, and for that reason the cross-examination should have been allowed. We think that was not an abuse of discretion, in the absence of any showing that defendants offered evidence tending to show that such cattle drank from the stream in that pasture and were not injured.

It is contended that section 7969 has no application to any operations in Osage county, for the reason that oil operations in that county are within the exclusive control of the federal government, and that the federal government, through the Secretary of the Interior, is actively exercising such control. It is conceded, however, that this court held to the contrary in the case of Midland Oil Co. v. Ball, supra. It is therefore not necessary to again pass upon that question.

Finding no reversible error in the record, the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1205, §943 (Anno). (2) 40 C. J. p. 1205, §943 (Anno). (3) 38 Cyc. pp. 1778, 1779. (4) 4 C. J. p. 823, §2797; 40 Cyc. p. 2512; 2 R. C. L. Supp. p. 256; 1 R. C. L. Supp. p. 479.