Robert H. BALFOUR, Administrator of the
Estate of E. K. Page, Deceased,
Plaintiff in Error,

v.

Johnnie Louise PAGE, Defendant in Error.

No. 43706.

Supreme Court of Oklahoma.

Jan. 11, 1972.

Wilson & Wilson, Enid, for plaintiff in error.

Robert R. McCubbins, Perry, for defendant in error.

DAVISON, Vice Chief Justice.

This appeal seeks either reversal or modification of a decree of divorce, the awarding of alimony, the custody of minor children, visitation rights, and child support and division of jointly acquired property. The plaintiff in error, Ernest Kenneth Page, defendant in the trial court, died on or about April 20, 1970, after perfecting his appeal. Upon application we entered an order on September 8, 1970, reviving the appeal in the name of Robert H. Balfour, Administrator of the Estate of E. K. Page, deceased. The record reflects that "Ernest Kenneth Page and "E. K. Page" refer to the same person. This death alters, to an extent, both the importance and significance of certain of the issues. Reference to the parties will be made by their trial court designations, except that reference will made to "the Administrator" where necessary.

The plaintiff, Johnnie Louise Page, alleges in her petition that of their marriage on June 1, 1951, four children have been born, Kenneth age 12, Patricia age 10, Edward age 9 and James age 5, and, as grounds for divorce, charges the defendant with extreme cruelty both in public and private, with gross neglect of duty and with causing the condition of incompatibility that exists between plaintiff and defendant. Plainiff alleges further that defendant is possessed of a 160 acre farm and a 120 acre farm in Noble County, Oklahoma, 44 head of cattle, two horses, various farm equipment, including trucks and a 1960 Ford automobile, household furniture and approximately 50 lots in the City of Enid, Oklahoma, mostly improved, and owns mortgages unknown to plaintiff on real property in Oklahoma, also cash and savings accounts in Enid, Oklahoma banks, all of which property is reasonably worth $150,000.00. Plaintiff finally alleges

she has always conducted herself properly, acted always as a faithful wife, and is without fault in the premises, never having given defendant cause or provocation for his extreme cruelty. Plaintiff's prayer is a conventional one.

Defendant for his answer denies the allegations of plaintiff's petition except allegations that may be specifically admitted in the cross-petition. For his cross-petition for divorce defendant makes the same charges against plaintiff that plaintiff in her petition makes against defendant and alleges additionally that plaintiff fraudulently induced defendant to marry her by promising that she would take care of plaintiff in his illness and throughout his old age. Defendant further alleges in his cross-petition that it is to the best interests of the minor children of the parties that plaintiff be granted their care and custody except that defendant be granted their care and custody for a period of one weekend by taking two of the children at a time and alternating weekends every two weeks, together with further rights of reasonable visitation.

Defendant's prayer asks for a denial of plaintiff's prayer for divorce and that defendant be granted an absolute decree of divorce. Defendant further asks that care and custody of the minor children, child support and an equitable division of property be granted conformably to his cross-petition.

The trial court found the preponderance of evidence to be against the defendant on all issues and granted to plaintiff (1) an absolute decree of divorce on the grounds of extreme cruelty, gross neglect of duty and incompatibility; (2) the custody of the minor children, subject to defendant's reasonable visitation rights and limited partial custody; (3) as permanent alimony the SW¼, Sec. 16, 24N R1E, the farm in Noble County, Oklahoma; (4) a full line of farm machinery, two cows, all household machinery and appliances located on the farm in Noble County; (5) house trailer; (6) all interest of the parties in all United

States Series E Bonds inscribed in plaintiff's name as co-owner; (7) ½ interest in the checking and savings account of defendant in Central National Bank, Enid, Oklahoma; (8) $2500.00 in cash out of property set over to defendant in the decree; (9) child support in the sum of $50.00 per month per child for 11 months each year during the respective minority of each child and to secure such payments, a lien is impressed upon the E½NW¼, Sec. 38, Twp. 24N, R1E, Noble County, Oklahoma. There is granted under the decree to defendant (1) all hand tools wherever located; (2) all household furniture located in Garfield County; (3) choice of house trailers located on the farm in Noble County; (4) all other property of the parties jointly acquired during coverture including, but not limited, to all interest in the United States Series E Bonds inscribed in defendant's name as co-owner; (5) all real property in Enid, Oklahoma, in which title is recorded in sole name of defendant and in joint names of plaintiff and defendant; (6) all interest of parties in delinquent tax sales certificates held in the name of either party; (7) all the rest and residue of the property except for the lien above mentioned impressed to secure child support.

There is little, if any, disagreement between plaintiff and defendant that the value of the property distributed by the divorce decree amounted to approximately $160,000.00. This amount is arrived at by placing a value of $48,000.00 on the 160 acre farm; $33,500.00 on the 120 acre tract; $66,250.00 on the real property in Enid, Oklahoma; $13,175.62 on the checking and savings accounts; $4891.00 on unpaid balance on notes and mortgages; $2825.00 on United States Series E Bonds. Other items of personal property were comparatively of little value.

The value of property awarded to plaintiff is approximately $60,000.00. The value of property awarded to defendant is approximately $100,000.00.

Under the decree the defendant was charged with costs, except each party was required to pay her or his own attorney's fee.

Facts not alleged but a part of the marital history of the parties, reflected in the record, are that plaintiff was 20 years younger than defendant and defendant knew that prior to his marriage to plaintiff four children had been born to plaintiff by a prior marriage.

We now turn to consequences of defendant's death occurring as it did after defendant had perfected this appeal. In the case before us the trial court granted a decree of divorce with alimony to the plaintiff wife and denied a decree on the cross-petition of the defendant husband charging plaintiff with extreme cruelty, gross neglect of duty and incompatibility. Defendant's administrator prosecutes this appeal from the decree denying relief on the cross-petition. We have had occasion in only one instance to determine the consequences of death upon an appeal from a divorce decree and then involving a fact situation unlike the case before us. Mabry v. Baird, 203 Okl. 212, 219 P.2d 234 (1950). However, in a case having similarity in several respects to this case, the Supreme Court of Iowa held: "It is true, of course, that the executors cannot prosecute the appeal from the order denying the husband's cross-petition, for it would be quite impossible for us to now award a decree of divorce in favor of a dead man." Doolittle v. Doolittle, 166 Iowa 625, 147 N.W. 893 (1914).

Plaintiff in error prior to his death had contended in his original and reply briefs that the parts of the trial court's decree awarding child support in claimed excessive amounts and creating a lien for child support on the 120 acre farm were errors. However, after the death of plaintiff in error the administrator noted in the reply brief of plaintiff in error that the death of plaintiff in error made these assigned errors moot except from the standpoint of

showing the total effect of the trial court's ruling upon the plaintiff in error.

 The administrator, of course, has a litigable interest in urging us to set aside the decree insofar as it granted a divorce to plaintiff provided the record reveals clearly that had the plaintiff remained defendant's wife she would receive less value in property than she was awarded by the decree. Doolittle v. Doolittle, supra. With real property value based necessarily upon approximations and opinions it is doubtful whether the administrator's asserted litigable interest has substance. Moreover, the administrator has the burden of showing that the findings and judgment of the trial court are, in this respect, clearly against the weight of the evidence. Newberry v. Newberry, 147 Okl. 249, 296 P. 202 (1931). The administrator has not discharged this burden.

After a careful review of the entire record we conclude that the trial court's grant of a decree of absolute divorce to plaintiff on the grounds of extreme cruelty, gross neglect of duty and incompatibility and the grant of alimony is not clearly against the weight of the evidence. Miller v. Miller, Okl., 456 P.2d 113 (1969). Neither can we see how our detailed analysis of the countervailing acrimony and petulance with which this record is fraught, serves the surviving minor children and the surviving wife in any beneficial way or enhances the quality of judicial precedent. Surely it will serve the interests of no one to transform this case into a property contest, on the basis of this record, between plaintiff and her minor children.

Finally, the administrator asks us to reverse the judgment of the trial court because the trial court refused to permit counsel for defendant to cross-examine plaintiff concerning the defendant's income. The apparent purpose of the cross-examination was to demonstrate that plaintiff didn't know much about defendant's income when she presumed to testify about it in definitive figures. The record does not reveal that the trial court refused to permit cross-examination of plaintiff concerning defendant's income. The record reveals that defendant's counsel on cross-examination asked 13 questions and the trial court asked two questions concerning defendant's income. The trial court refused further questioning when it was decided the purpose of the cross-examination had, been accomplished. This action on the part of the trial court was not an abuse of discretion to the manifest injury of defendant. See Devonian Oil Company v. Smith, 124 Okl. 71, 254 P. 14, 16 (1926).

The judgment of the trial court is affirmed.

WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.